1  EAGAN AVENATTI, LLP
   Michael Q. Eagan, Bar No. 63479
2  mqe@eoalaw.com
   Michael J. Avenatti, Bar No. 206929
3  mavenatti@eoalaw.com
   450 Newport Center Drive, Second Floor
4  Newport Beach, CA 92660
   Tel:   (949) 706-7000
5  Fax:   (949) 706-7050

6  Attorneys for Plaintiff

7

8                  **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

| 11 | SCOTT A. BLUM, individually and as Trustee of the Scott. A. Blum Separate Property Trust, the Will Scott Blum Trust, the Emma Rose Blum Trust, and the Scott Blum GRAT, | Case No.  SACV03-1434-JVS (MLGx) |
|---|---|---|
| | Plaintiffs, | **PLAINTIFF SCOTT A BLUM'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON PLAINTIFF'S MOTION TO ENFORCE THE TERMS OF THE SETTLEMENT AGREEMENT IN THIS ACTION REGARDING THE PROTECTION AND DISPOSITION OF CONFIDENTIAL INFORMATION** |
| | vs. | |
| | MERRILL LYNCH, PIERCE, FENNER & SMITH INC., a Delaware corporation, aka Merrill Lynch & Co., Inc.; THOMAS MAZZUCCO; and DOES 1 through 25, inclusive, | **Hearing Date:    April 11, 2011** <br> **Hearing Time:   1:30 p.m.** <br> **Dept.:              10C** |
| | Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Scott A. Blum ("Plaintiff" or "Blum") will and hereby does move the Court for reconsideration of its March 9, 2011 Order denying Plaintiff's Motion to Enforce the Terms of the Settlement Agreement in this action.  Pursuant to the Local Rules, counsel for Plaintiff met and conferred with counsel for non-party KPMG LLP ("KPMG") and explained to KPMG's counsel the basis for this motion.  Counsel were unable to reach agreement regarding the same and Plaintiff filed this motion.  [Avenatti Decl. Supp. Reconsideration ¶ 5]

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  <u>Sch. Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); <u>see</u> <u>also</u> Local Rule 7-18(c) (A motion for reconsideration may be made based on "a manifest showing of a failure to consider material facts presented to the Court before such decision."); Fed. R. Civ. P. 54(b) (Providing that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); Fed. R. Civ. P. 59(e) (Allowing for motions to alter or amend a judgment); Fed. R. Civ. P. 60(b) (Providing grounds for relief from a judgment or order).

Here, Plaintiff respectfully submits that the Court committed clear error by: 1) Failing to permit Plaintiff 24 hours to respond to non-party KPMG's *Ex Parte* Motion to Intervene and Opposition; and 2) Not appearing to address, consider, or otherwise resolve Plaintiff's argument that the Settlement Agreement should be enforced.  The Court's Order only addresses the Protective Order, not the terms of the Settlement Agreement.  KPMG has cited no authority permitting a court to unilaterally alter the terms of a settlement agreement.  Rather, those terms are binding and judicially enforceable.  <u>St. John's Organic Farm v. Gem County Mosquito Abatement Dist.</u>, 574 F.3d 1054, 1059 (9th Cir. 2009).  Accordingly, reconsideration is appropriate.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO ENFORCE**

1      This motion is and will be based on this notice of motion and motion, the

2 attached memorandum of points and authorities, and the Declarations of Michael J.

3 Avenatti and Judy Regnier, the exhibits attached thereto, the files and records of the

4 Court, and such further evidence as may be presented prior to or at the hearing.

5

6 Dated: March 9, 2011           EAGAN AVENATTI, LLP

7

8                 By:      /s/ Michael J. Avenatti

9

10                     Michael J. Avenatti
                    Attorneys for Plaintiff

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO ENFORCE**

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

**This dispute is not about the destruction of evidence. It is about the enforcement of a highly negotiated and binding Settlement Agreement that KPMG's counsel, Richard Marmaro, agreed to and is bound to as a result of his representation of Defendant Thomas Mazzucco in this action.**   Shockingly, in response to the motion, Mr. Marmaro failed to argue anything on behalf of Defendant Mazzucco, his actual client in this case.  Instead, Mr. Marmaro asserted the interests of KPMG – a non-party to this action, while completely ignoring his obligations to his client Mr. Mazzucco, who received benefits pursuant to the Settlement Agreement. Indeed, one questions if Mr. Mazzucco is even aware of the positions Mr. Marmaro is now taking on behalf of his new client, positions that run directly counter to the interests of Defendant Mazzucco, and could very well result in the Settlement Agreement being voided as to Defendant Mazzucco.  This obvious conflict of interest alone should cause the Court great concern.

Nevertheless, and regardless of this apparent impropriety, non-party KPMG failed to raise any arguments justifying the denial of Plaintiff's motion to enforce. KPMG's counsel goes to great lengths to make this dispute about anything but the express terms of the Settlement Agreement.  However, the terms of that document are not subject to dispute.   The Settlement Agreement established that "Confidential" information was to be destroyed at the close of the litigation.   The Settlement Agreement itself specifically designates that all deposition transcripts are confidential and further confirms that they were to be destroyed some six years ago – well before Plaintiff Blum filed his current lawsuit against KPMG.  Moreover, it establishes that these terms continue to be binding on the parties even after the resolution of this action.

KPMG's counsel, Richard Marmaro, represented Defendant Thomas Mazzucco in this action and signed the Settlement Agreement on his behalf.  Accordingly, ***Mr. Marmaro knew that the deposition transcripts were confidential, could not be used in***

***the KPMG case or any other case, and should have been destroyed six years ago.*** Indeed, these terms were negotiated as part of the Settlement Agreement and acted as consideration for the parties' decision to forgo litigation and settle this action. Nevertheless, in violation of these plain terms, Mr. Marmaro's firm purposely sought out those very same deposition transcripts from this action and sought to use them as evidence for a new client. Indeed, from the very first call to the court reporting agency up through and including retention of the transcript and the filing of KPMG's Opposition, there has been nothing "inadvertent" about the efforts of Mr. Marmaro and his firm to acquire, retain and use documents that they knew should have been destroyed six years ago and cannot be used in any other case. And if in fact the disclosure of the transcript was truly "inadvertent," as now claimed, Mr. Marmaro would have immediately returned the transcript to the Merrill Corporation or destroyed it, as the terms of the Protective Order and Settlement Agreement plainly require. Instead, in direct violation of that agreement, he sought to preserve the transcript and place the interests of KPMG above those of Mr. Mazzucco and the other parties to the Settlement Agreement.

KPMG's opposition brief is strangely silent regarding the terms of the Settlement Agreement. Instead, KPMG focuses on the Protective Order. However, nothing about KPMG's arguments provide the Court with the authority to modify or otherwise ignore the provisions of the binding Settlement Agreement. Accordingly, the March 9 Order is in error.

Finally, not a single party to this action has appeared to oppose Plaintiff's motion despite being served with the papers. Plaintiff's motion to reconsider and motion to enforce the terms of the Settlement Agreement should be granted.

## II.   ARGUMENT

### A.   Standard On A Motion For Reconsideration

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust, or (3) if there is an intervening change in controlling law." <u>Sch. Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); <u>see</u> <u>also</u> Local Rule 7-18(c) (A motion for reconsideration may be made based on "a manifest showing of a failure to consider material facts presented to the Court before such decision."). Here, Plaintiff respectfully submits that the Court committed clear error by: 1) Failing to permit Plaintiff 24 hours to respond to non-party KPMG's *Ex Parte* Motion to Intervene; and 2) Not appearing to address, consider, or otherwise resolve Plaintiff's argument that KPMG's counsel's conduct violated the Settlement Agreement.

Regarding the first point, Plaintiff did not receive service of KPMG's *Ex Parte* Motion until roughly 4:00 pm on March 8, 2011. [Avenatti Decl. Supp. Reconsideration ¶ 2]  This Court's procedures establish that opposition to an *ex parte* application "must be filed not later than 24 hours after such FAX or hand service." [<u>See</u> http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/90c0d42f0eda92ba88256d1d0058cff9?OpenDocument]  Nevertheless, Plaintiff's counsel received electronic notice of Your Honor's Order at 11:00 am on March 9, 2011.  [Avenatti Decl. Supp. Reconsideration ¶ 3]  At that time, Plaintiff was in the process of finalizing a brief in opposition to KPMG's *Ex Parte* Motion.  [<u>Id</u>. at ¶ 3]  Plaintiff respectfully requests the opportunity to respond to KPMG's motion and be heard on these issues.

Second, the Court's Order only addresses the Protective Order, not the terms of the Settlement Agreement.  KPMG has cited no authority permitting a court to unilaterally alter the terms of a settlement agreement.  Rather, those terms are binding and judicially enforceable.  <u>St. John's Organic Farm v. Gem County Mosquito Abatement Dist.</u>, 574 F.3d 1054, 1059 (9th Cir. 2009).  Plaintiff respectfully submits that it was clear error or manifest injustice to permit the violation of the Settlement Agreement.

Accordingly, for the reasons discussed in more detail below, Plaintiff respectfully requests that the Court reconsider its March 9 Order.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO ENFORCE

**B.     KPMG's Motion To Intervene Should Be Denied**

As an initial matter, because the Court ruled on these issues within 24 hours of receiving KPMG's *Ex Parte* Motion, Plaintiff never had the opportunity to be heard regarding KPMG's request to intervene.   KPMG's motion to intervene should be denied.   If KPMG's motion to intervene is denied, there is no reason to consider KPMG's opposition to Plaintiff's motion and, given that no other party to the action has filed an opposition to Plaintiff's motion, it should be granted.

Federal Rule of Civil Procedure Rule 24(b), which governs permissive intervention[1] "requires that the court 'consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 955 (9th Cir. 2009); see also Fed. R. Civ. P. 24(b)(3).   KPMG's intervention in this action will absolutely prejudice the rights of the original parties.   Indeed, KPMG's intervention is prejudicial to KPMG's counsel's client in this matter, Defendant Thomas Mazzucco.  **It is crucial to note in this context that this dispute involves terms of the Settlement Agreement, not simply the Protective Order**.  In this sense, the authority relied on by KPMG to support its request for intervention is distinguishable and not controlling.   See Beckman Indus. v. International Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992) (Dealing with a request to intervene to modify a protective order alone).

The confidentiality provisions of the Settlement Agreement in this action were bargained for terms and consideration for the underlying settlement itself.   Granting

---

[1] Plaintiff interprets the Court's Order to grant KPMG's request for permissive intervention, likely under the Ninth Circuit's decision in Beckman which allowed permissive intervention to modify a protective order.   Thus, Plaintiff will not address KPMG's request for intervention as of right.   To the extent that the Court does consider the request as of right, Plaintiff requests the opportunity to be heard on this issue. However, it is worth noting that KPMG's argument that its interests are not adequately represented by existing parties is actually quite staggering considering that KPMG's counsel also represents Defendant Mazzucco.  In fact, ***KPMG's argument amounts to the admission that its counsel is representing two clients with adverse interests***.   As discussed in more detail below, this fact weighs in favor of the Court considering sanctions with respect to this dispute.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO ENFORCE**

KPMG's motion to intervene would negate one of the bases for which the parties to this action agreed to settle the dispute. It is entirely possible that in the absence of the confidentiality provisions, no settlement would have been reached or a different settlement would have been reached. Indeed, the Settlement Agreement specifically states as much:

> The parties expressly acknowledged, covenanted and agreed that the provisions regarding the treatment of confidential information were and are a material inducement for the parties' entry into the Agreement, and that breach of such provisions by any party may cause substantial compensable damages for which the breaching party shall bear full responsibility. The parties expressly agreed that it was the intent of the provision to be as muscular and robust as possible and that breach shall presumptively be deemed to have been material and caused harm to the non-breaching party.

[Avenatti Decl. Supp. Reconsideration ¶ 4]

Allowing KPMG to intervene threatens to diminish if not destroy the value of the Settlement Agreement to the parties to this action and is therefore highly prejudicial. As such, KPMG's motion to intervene runs afoul of the strong policy favoring settlement and the quieting of litigation. See, e.g., Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 939 (9th Cir. 2007) ("There is also, of course, the "strong judicial policy that favors settlements" of disputes in general."); Ahern v. Central Pacific Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988). ("The Ninth Circuit is firmly 'committed to the rule that the law favors and encourages compromise settlements.' … 'There is an overriding public interest in settling and quieting litigation.'") (citation omitted). Regardless, the prejudice to the parties involved by having the settlement in this action violated is clear.

## C. The Court Should Enforce The Terms Of The Settlement Agreement

Regardless of whether KPMG's motion to intervene is granted, KPMG's opposition to Plaintiff's motion to enforce is fundamentally flawed for the very simple reason that it fails to address, let alone even mention, the Settlement Agreement. Contrary to KPMG's representations, this dispute is not simply about the enforcement of the Protective Order. It is about the enforcement of the binding Settlement Agreement. Plaintiff had no opportunity to respond to KPMG's claims. This

5

Agreement was and remains binding on the parties to this action and KPMG's current counsel, Richard Marmaro. Indeed, it was only by leveraging Mr. Marmaro's prior representation of Mr. Mazzucco in this action that KPMG's counsel was even able to request, let alone obtain, a copy of Mr. Blum's deposition transcript. As such, the disclosure was not "inadvertent" as claimed.

### 1.   The Binding Settlement Agreement In This Requires That Plaintiff's Motion Be Granted

As set forth in Plaintiff's motion, the conduct at issue is both a violation of the Protective Order and Settlement Agreement in this action. Nevertheless, KPMG's opposition is strangely silent as to the Settlement Agreement. KPMG's silence is particularly striking given its counsel's, Richard Marmaro, direct involvement in the negotiation of the settlement and knowledge of its terms. Those terms bear reiterating.

*The Settlement Agreement[2] expressly provided that* <u>*all parties*</u> *agreed that* <u>*all deposition transcripts*</u> *had been designated as "Confidential."* [Avenatti Decl. Supp. Mot. to Enforce ¶ 6] The Settlement Agreement also provided that all "Confidential Information" in any form, electronic otherwise, was to be destroyed pursuant to the Settlement Agreement. [<u>Id</u>. at ¶ 7] The parties were to undertake reasonable efforts and diligence to ensure that all "Confidential Information" in that party's possession, custody, and control was destroyed. [<u>Id</u>. at ¶ 7] The parties were to provide certifications that they had done so and such certifications were provided. [Avenatti Decl. Supp. Mot. to Enforce ¶ 7; Exs. B and C (Certifications of Merrill Lynch and Munger Tolles)] Mr. Marmaro, counsel for both KPMG in the KPMG Action and Defendant Mazzucco, signed the Settlement Agreement on behalf of Defendant Mazzucco "with respect to obligations expressly assumed by counsel under this agreement, but otherwise only as to form…" [<u>Id</u>. at ¶ 9]

Consequently, it is clear that KPMG's counsel, ***Mr. Marmaro, knew that,***

---

[2] As noted in Plaintiff's opening brief, Plaintiff will provide a copy of the Settlement Agreement to the Court for *in camera* review, but cannot disclose it publicly.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO ENFORCE

*pursuant to the Settlement Agreement, all deposition transcripts were designated as confidential, could not be used and Mr. Marmaro agreed that they should be and were to be destroyed*.   KPMG's argument that Plaintiff has not pointed to any confidential information contained in the deposition transcript is therefore irrelevant as the very terms of the Settlement Agreement provide that the transcript is confidential as agreed to by the parties as a condition to settlement.   Importantly, these are terms that Defendant Mazzucco and Mr. Marmaro, agreed to be bound by and terms which constitute consideration for the parties' agreement to settle the action.  [Avenatti Decl. Supp. Reconsideration ¶ 4]  This fact is underscored by the fact that no actual party to this action has opposed Plaintiff's motion.

Nevertheless, and in spite of this fact, a representative of Mr. Marmaro admittedly contacted the court reporter in this action and sought out a copy of Mr. Blum's deposition transcript.   Further, Mr. Marmaro, through his representation of KPMG, has sought further production of deposition transcripts by issuing a subpoena to the Merrill Corporation.  [See Avenatti Decl. Supp. Mot. to Enforce Ex. G]  Mr. Marmaro's representative was only able to accomplish this by specifically leveraging Mr. Marmaro's involvement in this action and representation of Defendant Mazzucco. [See Regnier Decl. ¶¶ 2-4]  In this regard, *the disclosure of the transcript at issue was not inadvertent*.   Rather, the transcript was obtained solely because of Mr. Marmaro's involvement in this action, by virtue of which Mr. Marmaro knew that all deposition transcripts were confidential and to be destroyed.   Indeed, had it been inadvertent, KPMG's counsel would have returned the transcript upon receiving it or destroyed it, as the terms of the Protective Order and Settlement Agreement plainly require.

This conduct amounts to a clear violation of the Settlement Agreement.   As argued above, the confidentiality provisions in the Settlement Agreement were negotiated consideration for the agreement to settle the action and forgo litigation. [Avenatti Decl. Supp. Reconsideration ¶ 4]  KPMG's request does not simply seek modification of the Protective Order, but the voiding of the Settlement Agreement as

7

well.  Thus, it is surprising that KPMG's opposition brief, while not convincing as to the Protective Order, utterly fails to address the terms of the Settlement Agreement. Indeed, KPMG has failed to cite any authority for the proposition that the Court can modify the terms of the Settlement Agreement.  Rather, "[b]inding settlement agreements over which the district court retains jurisdiction to enforce are judicially enforceable."  St. John's Organic Farm v. Gem County Mosquito Abatement Dist., 574 F.3d 1054, 1059 (9th Cir. 2009).  Finally, KPMG's arguments also run afoul of the strong policy favoring settlement and the quieting of litigation.  See, e.g., Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 939 (9th Cir. 2007) ("There is also, of course, the "strong judicial policy that favors settlements" of disputes in general."); Ahern v. Central Pacific Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988). ("The Ninth Circuit is firmly 'committed to the rule that the law favors and encourages compromise settlements.' … 'There is an overriding public interest in settling and quieting litigation.'") (citation omitted).

## 2.    KPMG's Other Arguments Are Irrelevant

KPMG devotes a great deal of time to attempting to denigrate Plaintiff and Plaintiff's counsel.  However, the simple fact of the matter is that KPMG's arguments regarding the KPMG Action and Plaintiff's conduct therein are irrelevant to the present dispute.  The only issue before the Court is the terms of the Settlement Agreement and whether they should be enforced.  Plaintiff, of course, does not concede the veracity of KPMG's accusations, but given the general irrelevance of those claims, Plaintiff will not attempt to refute each and every point.  Suffice it to say that this failure to address any particular issue regarding Plaintiff's alleged misconduct does not amount to a concession.

It is important to note, however, that Plaintiff never requested that the Merrill Corporation destroy the transcripts in question prior to filing the instant motion. Contrary to KPMG's representations, as soon as Plaintiff was aware of the involvement of the Merrill Corporation and the details of KPMG's counsel's conduction, Plaintiff

sought Court intervention.  [See Regnier Decl. ¶¶ 2-6 (Stating the Plaintiff contacted the Merrill Corporation on March 3 and 4)]  Plaintiff did not attempt to contact the Merrill Corporation again and did not request that it destroy the transcript.  KPMG has pointed to no evidence suggesting otherwise.

### a.   KPMG Has Cited No Case Law That Permits The Court To Modify The Settlement Agreement

By its own argument, the authority cited by KPMG does not address the propriety of invading and altering a final settlement agreement.  See Beckman, 966 F.2d at 471 (Adjudicating an appeal from "orders of the district court granting motions of the intervenors to (1) intervene under Fed. R. Civ. P. 24(b) and (2) *modify a protective order*.") (emphasis added); Olympic Refining Co. v. Carter, 332 F.2d 260 (9th Cir. Cal. 1964) ("This proceeding was brought *to vacate three protective orders*…") (emphasis added).   Indeed, KPMG has cited no authority for the proposition that a court can alter the terms of a settlement agreement after the parties have agreed to it six years prior and the action has been terminated.  To the contrary, the rule is that the terms of "[b]inding settlement agreements over which the district court retains jurisdiction to enforce are judicially enforceable."  St. John's Organic Farm, 574 F.3d at 1059.

Further, to the extent that KPMG cites case law that suggests that, under certain circumstances, protective orders may be modified to permit disclosure, the present circumstances are quite different and that case law should not be extended to settlement agreements.  Here, KPMG's counsel is bound by the Settlement Agreement by virtue of his representation of Defendant Mazzucco in this action.  KPMG cites no case law that permits counsel to negotiate and agree to a settlement on behalf of one client and then later decide that the interests of a different client justify reneging on that agreement and then pursue an "end around" the agreement by seeking its modification.  Indeed, were this to be the law, the implications would be dire not only for the trust and confidence parties place in settlement agreements, but the rules of professional responsibility and attendant duty of loyalty.

9

**b.    The State Court Action Is Not The Appropriate Forum For Litigation Of These Issues As Not All Interested Parties Are Before The State Court**

KPMG claims that this matter should be resolved by the state court case and the discovery referee in that action.  Because the Court ruled on KPMG's *Ex Parte* Motion within 24 hours, Plaintiff did not have the opportunity to oppose this argument. KPMG's request is inappropriate by virtue of the fact that this Court retained jurisdiction over the Settlement Agreement.  Further, Defendants Merrill Lynch and Thomas Mazzucco are not parties to the state court action and are not subject to either the state court's or the discovery referee's jurisdiction.  This Court is the appropriate venue for the resolution of this dispute as all parties to this action will have the opportunity to be heard and the Court is the most familiar with the issues underlying this action and this particular dispute.  Furthermore, this Court's jurisdiction precedes the state court's jurisdiction over any related dispute.  See Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co., 15 Cal. App. 4th 800, 803 (1993) ("It is black letter law that, when a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action."); Morrow v. Superior Court Of Kings County, 9 Cal. App. 2d 16, 21 (Cal. App. 1935) ("Where a state court and a federal court have concurrent jurisdiction, the tribunal whose jurisdiction first attaches will be left to determine the controversy without interference from the other.").

## IV.    CONCLUSION

For the reasons discussed herein, it is respectfully requested that the Court reconsider its Order and grant Plaintiff's motion to enforce the Settlement Agreement.

Dated: March 9, 2011                    EAGAN AVENATTI, LLP

By:    _____/s/ Michael J. Avenatti_____
       Michael J. Avenatti
       Attorneys for Plaintiff

10